**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| JAMES W. FAUST, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:07-CV-136 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## Legal Standard

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

### Issues

**I.     Whether the ALJ erred in relying on Vocational Expert testimony which conflicted with the Dictionary of Occupational Titles?**

**II.    Whether the ALJ erred in determining that Claimant had the residual functional capacity to perform light work?**

**III.   Whether the ALJ erred in evaluating the Claimant's subjective allegations of pain?**

### Administrative Proceedings

Claimant filed for disability benefits on May 15, 2003. (R-9, p. 1). Claimant's

application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on December 19, 2005. (T-177-202). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated February 23, 2006. (T-15-24). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-3-5).

## Statement of Facts and Evidence

Claimant alleges in his disability application that he is disabled due to an injury to his right ankle, side, shoulder and back. (T-90). After examining the medical records, the ALJ determined that Claimant had status post arthropathy of the right shoulder and severe status post fracture of the right ankle, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-20). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform light work where he can alternate between sitting and standing and where he does not have to reach overhead or in front with his right arm. (T-21). The ALJ then utilized the testimony of a vocational expert to determine, after finding that he had no past relevant work, whether there were jobs existing in significant numbers in the national economy that he could perform. Following her determination that such jobs did exist, the ALJ then found that Claimant was not disabled. (T-23-24).

## **Discussion**

**I.     Did the ALJ err in relying on VE testimony which conflicted with the Dictionary of Occupational Titles?**

Claimant argues that the ALJ improperly relied on the VE's testimony because it conflicted with the Dictionary of Occupational Titles (DOT) when she found that he could perform work as a parking lot cashier and cafeteria attendant. (R-9, p.9). Claimant contends that his education and impairments would preclude him from performing the listed jobs on a full time sustained basis. *Id.* Additionally, Claimant argues that the ALJ failed to obtain an explanation for the conflict. *Id*.

Claimant first alleges that the ALJ's determination that he could perform work as a parking lot cashier or a cafeteria attendant require a Level 3 and a Level 2 Reasoning Development, respectively. Dictionary of Occupational Titles, 4th Ed, 1991. Claimant contends that jobs with an R:3 reasoning level require the ability to apply commonsense understanding to carry out instructions in written, oral or diagnostic form, and a job with an R:2 reasoning level requires an individual to carry out detailed but uninvolved written or oral instructions. *Id.* Claimant asserts that both jobs also require Language Development Levels of 2 and 1, respectively, which, at a minimum, involve the ability to recognize words and to be able to read. *Id.* Claimant contends that because he is illiterate and would not be able to carry out written instructions, read at a rate of at least 95 words per minute, or write in sentences, he would not have the ability to perform the jobs listed by the VE. (R-9, p. 12).

In support of his contention, Claimant refers the court to a United States District Court

case from the Middle District of Florida which held, in relevant portion, that:

> [S]everal courts have found that the GED's reasoning level does, in fact, pertain to the work requirements of a job and thus, is relevant where an ALJ limits a plaintiff to the performance of simple and/or repetitive tasks. Moreover, the Court notes that it has reviewed several cases in which courts have acknowledged that reasoning levels are a component of GED, but, nevertheless, ordered remand, pursuant to SSR 00-4p, based upon the ALJ's failure to elicit a reasonable explanation from a VE regarding an apparent conflict between the VE's testimony that a plaintiff, who was limited to performing simple and repetitive tasks, could perform a job that the DOT classified as either requiring a reasoning level of two or three. Defendant has neither acknowledged these cases nor cited any case law in support of his argument that the GED's reasoning level merely relates to the educational level needed to perform a job and, thus, has no relation to the work demands of a job.

*Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1342-1343 (M.D. Fla. 2007) (internal citations omitted).  (R-, p. 109).   The Eleventh Circuit, however, has held that

> "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" The Commissioner correctly responds that agency rulings "do[ ] not bind this [C]ourt." "'Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same. A ruling may be superseded, modified, or revoked by later legislation, regulations, court decisions or rulings.'" Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert "trumps" an inconsistent provision of the DOT in this Circuit. *See Jones,* 190 F.3d at 1229-30.

*Miller v. Commissioner of Social Security*, 246 Fed. Appx. 660, 662 (11th Cir. 2007).

Furthermore, Social Security Ruling 00-4p states, in relevant part, as follows:

> Occupational Evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT.  When there is an **apparent unresolved conflict** between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.  At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. (Emphasis added).

In this case, the ALJ asked the VE if any of his testimony conflicted with the DOT. (T-200).  No conflicts were noted by the VE during his testimony nor did the Claimant's attorney cite to any potential conflict.  Because there was no "apparent conflict" between the VE's testimony and the DOT, the ALJ was not required under SSR 00-4p to elicit a "reasonable explanation" from the VE as to the supposed conflict.  Furthermore, this court has held that where:

> The question is whether remand is warranted when the conflict between the VE's testimony and the DOT is not identified during the hearing or in the ALJ's decision. The testimony of the vocational expert was unchallenged, as plaintiff was represented by counsel at the hearing and the VE was subject to cross examination. Courts that have considered this issue have refused to remand such cases. In short, **the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists** with the DOT. (emphasis added).

*Massey v. Astrue,* 2008 WL 623196 (M.D.Ga., 2008)(citations omitted).  Although Claimant contends the Commissioner's reliance on *Massey* is misplaced, the court disagrees. The ALJ

properly relied on the testimony of the VE and Claimant's attorney, who claims there was a conspicuous conflict between the testimony of the VE and the DOT, failed to cross examine the VE regarding said conflict. Therefore, no error is found in the ALJ's reliance on the testimony of the VE.

## II.     Did the ALJ err in determining that Claimant had the residual functional capacity to perform light work?

Claimant next contends that the ALJ erred finding that Claimant would be able to perform light work. (R-9, p. 15). Claimant alleges that the ALJ's findings actually limited him to sedentary work. *Id*.

The Regulations state that when an individual's exertional RFC does not coincide with the definition of any one of the ranges of work as defined in sections 404.1567 and 416.967, the occupational base may be eroded. SSR 83-12. When examining the extent of any possible erosion of the occupational base, SSR 83-12 requires that where the rules (GRIDS) would direct different conclusions, "more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability" and therefore, use of a vocational expert is advisable. *Id*. In the case at bar, the ALJ used a vocational expert to assist him in determining if there were any jobs available for this Claimant. (R-197-201). The record reveals that the ALJ found that Claimant had the residual functional capacity to "perform light work provided he can alternate between sitting and standing and not reach overhead or in front with his right arm." (R-21). It appears,

therefore, that the ALJ found that Claimant required a sit-stand option.

As the Claimant correctly cites in his brief, SSR 83-12 states that "most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." The Regulation further states that in these types of case, a vocational specialist should be consulted to clarify the implications for the occupational base. *Id.* In Claimant's case, as has been previously stated, the ALJ found that he required the ability to have a sit/stand option at his place of employment. A Vocational Expert was called to testify at Claimant's hearing to determine whether the ALJ's finding that he was limited to unskilled work with the sit/stand option precluded him from any work. The Vocational Expert determined, based on the limitations as found by the ALJ, that Claimant could perform work as a parking lot cashier or a cafeteria worker which existed in significant numbers in the economy. *Id.* Having had a VE testify as to what, if any, jobs Claimant was capable of performing, due to his need to alternate between sitting and standing, the ALJ properly followed the guidelines as set out in SSR 83-12. Thus, no error is found as to this claim.

**III.    Did the ALJ err in evaluating the Claimant's subjective allegations of pain?**

Claimant lastly contends that the ALJ erred in discounting his complaints of pain. (R-9, p. 18). He alleges, in particular, that the ALJ improperly rejected his testimony as not

credible where his claims of leg and shoulder pain were supported by the medical evidence. *Id.*

        Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

        In her Findings, the ALJ discussed Claimant's medical records and work history with regard to his allegations of the severity, i.e. the "intensity, persistence and limiting effects" of his pain. (T-21,22). A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and his functional limitations to find

that his allegations of pain were partially credible, but that the medical evidence of record did not support the severity alleged. *Id*.

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d

1251, 1255 (11th Cir. 1983).  Applying the *Holt* test to Claimant's pain allegations, the Court concludes that Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain.  As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision.  Here, the ALJ applied the proper standards and supported her credibility assessment with substantial evidence in the record.

It should be noted, however, that Claimant's contentions regarding the existence of a previous DUI charge which was used as evidence to support the ALJ's credibility finding are valid.  There was no evidence presented to establish when Claimant was charged with the DUI and the ALJ's inclusion of that evidence is improper.  However, any error resulting from the ALJ's use of Claimant's DUI charge is harmless.  Remand for the purpose of requiring the ALJ to readdress her credibility finding would be fruitless as it would not likely change her ultimate findings, and is, therefore, unwarranted.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case.  This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence.  Moreover, the record fails to reveal evidence of the ALJ acting outside of her judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 23rd day of October, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw